FLORA SHIMER

v.

JACOB SHIMER'S EXECUTORS et al.

1. Testator's will gave his son J. one-fifth of the residuary estate, he to receive the income during life, and in case of his death without issue his share to go "to his surviving brothers and sisters." "In case J. should leave a child or children, said child or children to receive said income annually until the youngest of them arrives at the age of twenty-one years, and as long as one or either of them shall live; but in case of the death of all of them without issue the said one-fifth share to go to my children as aforesaid."—*Held*, where J. died and left one child, that her right to the income, as distinguished from the principal of the fund in question, ceased when she attained her majority; the proper construction of the clause, "*and* so long as one or either of them shall live," being manifest by changing "and" to "or."

2. J.'s child, on reaching her majority, is entitled to have the principal of the fund in question, the limiting of the interest of J.'s children during their minority to the income only manifesting that the testator intended them to have the principal if they survived that age, and that the gift over should take effect only upon their all dying under age without issue.

Bill to recover a legacy.

*Mr. Charles J. Roe,* for the complainant.

Pitney, V. C.

The complainant is the granddaughter of Jacob Shimer, who died testate in 1874, leaving five children, of whom Jacob Shimer, junior, was one. He died in 1876, leaving the complainant his only child. She attained her majority in 1891 before filing her bill. The defendants are the executors of Jacob Shimer, the testator, and his children and their descendants and representatives.

No answer has been filed.

The object of the bill is to obtain immediate possession of the one-fifth part of the residue of the testator's estate which has already been ascertained by the executors and set apart for complainant's use during her minority in pursuance of one of the provisions of her grandfather's will, which is in these words:

" I give, bequeath, and devise to my son Jacob Shimer, Jr., the equal one-fifth of said residue, subject to the following restrictions and limitations. It is my will that my executors invest his share safely and that he receive the income thereof during his natural life, and in case of his death without issue the said one fifth to go in equal shares to his surviving brothers and sisters and to the children of his deceased brothers and sisters, so that a child or children of a deceased brother or sister shall receive the same share as the parent would if living, and in case Jacob, Jr., should leave a child or children, said child or children to receive said income annually until the youngest of them arrive at the age of twenty one years, and as long as one or either of them shall live, but in case of the death of all of them without issue the said one fifth share to go to my children as aforesaid and grand children as aforesaid."

Complainant's right to the immediate possession of this one-fifth share depends upon the proper construction of this clause.

The first question to be determined is whether the gift of the income is to the children of Jacob, junior, until they arrive at twenty-one years only, or whether it is for their several lives. If the gift of the income be until they arrive at twenty-one, then as that time has arrived by the attainment of majority by the

complainant, the further question arises, To whom is the principal given? Is it given by implication to the complainant, and, if so, then has not the gift over already failed?

Turning then to the first question, what did the testator mean by the language, "said child or children to receive said income annually until the youngest of them arrive at the age of twenty one years, and as long as one or either of them shall live?" It seems to me impossible to believe that he intended precisely what the words used mean. I cannot believe that he meant to say that these grandchildren should have the income until they arrived at the age of twenty-one years, and if they lived beyond that date they should continue to have it as long as they lived. To adopt such construction would leave the mention of the arrival at the age of twenty-one years without any office whatever. And yet such it seems to me is the proper explication of the clause if we give the word "and" its literal and natural conjunctive force. If we adopt this construction the question naturally arises, Why did the testator provide for the contingency of the grandchildren living beyond twenty-one years and omit to provide for the other contingency—their not arriving at that age? And this question suggests the actual idea which the testator intended to convey by the language used, and it is expressed by simply reading the two members of the sentence disjunctively instead of conjunctively—inserting "or" for "and"—thus, "said child or children to receive said income annually until the youngest of them arrive at the age of twenty one years, *or* as long as one or either of them shall live." It is, in substance, saying that they shall have the income until the youngest is twenty-one years old if either of them lives so long.

The importance of this provision appears if we suppose Jacob had left two or more children instead of one. In that case the object of the provision was that if the younger should die, say at the age of eighteen or nineteen, and the elder should have attained majority, then the payment of interest, as such, should cease.

The power of the court to change words from the conjunctive to the disjunctive, and *vice versa*, where the context demands it,

is well settled.   The case in hand appears to be almost precisely within the general example mentioned by Mr. Jarman (*2 Jarm. Wills (R. & T. ed.) ch. 16 pp. 95, 96*).   He says that the change from " and " to " or "

> " may be called for by the general frame and context of the will, and also by the circumstance that a literal adherence to the testator's language occasions that one member of his apparently copulative sentence is included in and therefore reduced to silence by another."

In the case in hand, by reading the sentence conjunctively, the first member which gives the income during minority is reduced to silence by the second which gives it for life.

Numerous English cases are cited in support of Mr. Jarman's text.

The courts of this state have, in several instances, construed " or " to mean " and " in order to maintain and carry out the clear intention of the testator.   The cases are collected in *Stew. Dig. 1139*.   The principle which governs in those cases applies with equal force to the case of the misuse of the word " and."

I conclude, therefore, that complainant's right to the income, as distinguished from the principal of the fund in question, ceased when she attained her majority.

The next question is, Who was entitled to the principal sum after complainant had attained her majority ?   It is not given by any express language to her, and the only express direction with regard to it is—" but in case of the death of all of them [the children of Jacob Shimer, junior] without issue the said one-fifth share to go to my children as aforesaid and grandchildren as aforesaid."

Now, on this part of the clause under consideration the question at once arises, Does " the death of *all* " mean death at any time or death before attaining majority ?

Here, again, we must deal with the previous limitation of twenty-one years and give it proper force.   We cannot ignore it, but must meet and answer the question, What was the object of the testator in inserting it ?   If the testator intended that the limitation over should take effect upon the death of the last sur-

vivor of Jacob's children without issue of any of them, without regard to the age of such survivor, then why did he make any mention of the age of twenty-one? For it must be observed in this connection that if testator meant that the limitation should take effect upon the death at any time of the last survivor of Jacob's children without issue, the effect would be to give those children a life estate in the fund, and hence I can perceive no reason for the testator's mention of the age of twenty-one years and no office for that part of the clause upon the supposition that such was his intention, and so I come to the conclusion that the mention of the age of twenty-one years indicates that he meant that the fund should go over if Jacob's child should die under twenty-one without issue. I perceive no other construction which gives any force or value to the limitation of the income to the children until they arrive at twenty-one years. *Pennington* v. *Van Houten, 4 Halst. Ch. 272, 745,* supports this view. In that case the provision for the limitation to the income during minority coming in juxtaposition with the gift over in case of death without issue, was held to restrict such death to the minority of the donee.

This result is also in harmony with the other result which arises from the gift of the income to the children during minority without any unconditional gift over, viz., that upon the arrival of the youngest child to maturity there is a gift by implication of the principal fund to the children.

Mr. Theobald (*Theob. Wills 415*) states the rule thus:

"If there is a gift to A till twenty-one, with a gift over if he dies under twenty-one, A will take by implication the fee, or an absolute interest in personality, defeasible upon death under twenty-one."

This rule is fully supported by the authorities cited by this writer, viz., *Tomkins* v. *Tomkins, 1 Burr. 234; Paylor* v. *Pegg, 24 Beav. 105; Gardiner* v. *Stevens, 30 L. J. Ch. 199; In re Harrison's Estate, 5 Ch. App. 408.*

In addition, I refer to *Newland* v. *Shephard, 2 P. Wms. 194; Goodright on the Demise of Hoskins* v. *Hoskins, 9 East. 306; Cropton* v. *Davies, L. R. (4 C. P.) 159; Peat* v. *Powell, 1 Eden*

*479; Lassence* v. *Tierney, 1 McN. & G. 551; Wilks* v. *Williams, 2 Johns. & H. 125.*

Lord Justice Gifford, *L. R. (5 Ch. App.* at *p. 411)*, says: " Under the law as it existed before the Wills Act it was a rule, as is well known, that a mere general devise of land did not carry the fee; but there were well-established exceptions to this rule, one of them being, that a devise to A, and in case of his death before a given period or periods, or under given circumstances, to B, did carry the fee. *The reason or principle on which this rule was founded appears to have been that if land was directed to go over in one of several specified particular events, it must be taken to have been intended that it never was to go over in any other, and therefore a fee was held to pass in the first instance,* from which it followed that what did pass in the second instance if the specified event or events happened must necessarily be a fee also. That the fee passed was inferred from the substituted gift."

The conclusion to which I have come seems to me to be in consonance with the general scheme of the will. The testator evidently intended to make a complete disposition of his estate. The fund in question is a part of the residue. It seems plain enough that the testator intended the share to go to his son Jacob's issue, and not to go over to his brothers and sisters unless that issue failed. By limiting the interest of Jacob's children during their minority to the income only, he manifested clearly enough that he intended them to have the principal if they survived that age and that the gift over should take effect only upon their all dying under age without issue.

The complainant is entitled to a decree.